IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN HAROLD MCGILL,<br><br>    Defendant. | CRIMINAL CASE NO.<br>1:14-CR-00167-WSD-LTW |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL**

This case is presently before the Court on Defendant's Motion to Dismiss Indictment (the "Motion"). Docket Entry [9]. For the reasons outlined below, this Court **RECOMMENDS** that Defendant's Motion be **DENIED**. Docket Entry [9].

**BACKGROUND**

On May 6, 2014, the grand jury returned a one count indictment against Defendant John Harold McGill ("Defendant"), alleging as follows:

> From on or about March 1, 2014 until on or about March 2, 2014, in the Northern District of Georgia, the defendant, John McGill, using a facility and means of interstate commerce, knowingly attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

Docket Entry [1]. On May 29, 2014, Defendant filed his Motion contending that the Government's allegations are insufficient to establish a violation of 18 U.S.C. § 2422(b).

Docket Entry [9]. On June 20, 2014, the Government filed a response in opposition to the Motion. Docket Entry [12]. Thereafter, on July 18, 2014, Defendant filed a reply brief asserting that the record demonstrates that he was entrapped. Docket Entry. [14].

## LEGAL ANALYSIS

In Defendant's Motion, Defendant contends that there is insufficient evidence to sustain a conviction under § 2422(b) because the Government cannot show that he attempted to cause the manifestation of a minor's assent, that he took "substantial step towards the coercion or the enticement" of a minor, or that he used "the mail, or any facility or means of interstate commerce," to do so, as the statute requires. (See Mot., Docket Entry [9], pp. 3-4). In support, Defendant points out that he only communicated with a law enforcement agent and traveled for a possible encounter, that he did not send images of himself or offer anything of value, and that he did not invite the law enforcement agent to meet him anywhere. (See Mot., pp. 10-11). Defendant contends that any plans of his constituted "mere preparation" or a contemplation of a "future attempt," which Defendant argues is not equivalent to an "attempt" under Section 2422(b). (See Motion, pp. 6-8, 12-13). In response, the Government argues the indictment is legally sufficient on its face, and Defendant's Motion is an improper demand for a pre-trial review the evidence. (See Resp. in Opp'n. to Def.'s Mot. (the "Resp."), Docket Entry [12], pp. 5-7). Additionally, the Government argues that even if the substance of Defendant's Motion were to be considered, the evidence on record is sufficient to support a conviction under Section 2422(b). (Id., pp. 8-11). In Defendant's

reply, Defendant argues for the first time that dismissal is warranted because the record supports a finding that the Government unlawfully entrapped him.  (See Rep. to Resp. to Mot. (the "Rep."), Docket Entry [14], p. 1).

Dismissal of the Indictment is unwarranted in this case.  The Federal Rules of Criminal Procedure require an indictment to be a "plain, concise and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  It is well-established in the Eleventh Circuit that the sufficiency of a criminal indictment is determined on its face.  United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006).  An indictment need only contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet.  Id.  In United States v. Critzer, the Eleventh Circuit explained that the Rules do not provide for pre-trial determinations regarding the sufficiency of the evidence or summary judgment.  951 F.2d 306, 307-08 (11th Cir. 1992).  Accordingly, a court may not dismiss an indictment based on the sufficiency of the evidence presented in support of the charges against a defendant.  Sharpe, 438 F.3d at 1263; see also United States v. Hawkins, 765 F.2d 1482, 1488 (11th Cir. 1985) ("An indictment valid on its face cannot be challenged merely because the grand jury acted on inadequate or incompetent evidence."); United States v. Salman, 378 F.3d 1266, 1267-68 (11th Cir. 2004) (reversing the district court because it looked beyond the face of the indictment and ruled on the merits of the charges, which was, in effect, the granting of summary judgment for the defendant);  see e.g., United States v. Hyder, 732 F.2d 841, 844 (11th Cir. 1984)

3

(noting that if a defendant could insist on a preliminary evaluation of the adequacy of evidence presented to the grand jury before the trial itself, then extreme delays in the progress of the case would result).

In this case, Defendant does not argue the Indictment is invalid on its face. Rather, Defendant asserts only that the Indictment should be dismissed because the Government's evidence is insufficient to show that he is guilty of the charged offense. (See Mot., p. 3). Each of Defendant's arguments relates to factual sufficiency, because each requires the court to review the evidence on record: either the contents of Defendant's communications with a law enforcement agent, the extent of his planning, or the extent of his travel. See Mot., pp. 3-4, 6-8, 10-13; see also, Rep.). Thus, Defendant's arguments for dismissal fail. See e.g., Sharpe, 438 F.3d at 1263 (explaining that even if the facts could prove that Defendant may not be guilty, that does not facially invalidate the indictment's allegations) (emphasis in original); Hawkins, 765 F.2d at 1488 (refusing to dismiss indictment on the ground that insufficient evidence was presented to grand jury because an indictment valid on its face cannot be challenged merely because the grand jury acted on inadequate or incompetent evidence). As a result, the Motion should be denied.

In Defendant's Reply, Defendant presents a new argument and asks the Court to dismiss the Indictment on the basis that he was entrapped by the Government.[1] (See

---

[1] In Defendant's Reply, Defendant also attempts to suggest that his original motion requested that the Court determine "the proper standard according to which the Defendant should be tried" (Rep., p. 7-8), and asks the court to adopt a view of

4

Rep., pp. 1-3, Docket Entry [14]).  In general, a court should not consider arguments raised for the first time in a reply brief.  United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984) (citing United States v. Benz, 740 F.2d 903 (11th Cir. 1984).  Even considering this new argument, dismissal would not be appropriate.  The affirmative defense of entrapment applies when the government induces a person to commit a crime that the person is not predisposed to commit.  United States v. Sistrunk, 622 F.3d 1328, 1322 (11th Cir. 2010).  Entrapment consists of two elements:  (1) government inducement of the crime, and (2) the defendant's lack of predisposition to commit the crime.  United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995).  The defendant bears an initial burden of production to show government inducement.  Id.  Once the defendant produces evidence showing inducement, the burden shifts to the government to prove that the defendant was predisposed to commit the crime.  Id.

A defense of entrapment is generally not appropriate at the pretrial stage because it is a fact intensive inquiry.  The entrapment defense focuses on the predisposition of the defendant to commit the crime rather than the conduct of the Government.  United States v. Bower, 575 F.2d 499, 504 (5th Cir. 1978)[2]; see also, United States v. Martin,

---

inducement put forth in a dissenting opinion in a D.C. Circuit case; however, Defendant's argument remains squarely focused on an evaluation of "the totality of the evidence" (Rep., p. 7), which as this Court has discussed above, is inappropriate at this stage.  (See Rep., pp. 4-8).

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  Id. at 1209.

5

159 F. App'x 889, 893 (11th Cir. 2005) ("Predisposition is a fact intensive inquiry into the defendant's readiness and willingness to engage in the crime absent any contact with the government's officers or agents."). Along these lines, the presence or absence of predisposition is for the jury to determine as part of its function to decision regarding the guilt of the accused. United States v. Graves, 556 F.2d 1319, 1321 (5th Cir. 1977) ("The defendant's predisposition to commit an unlawful act will seldom be 'capable of determination without the trial of the general issue.'"). An entrapment defense is a question for the jury, unless the evidence is so clear and convincing that it may be ruled on by a trial judge as a matter of law. See id. Accordingly, entrapment is not an appropriate issue to consider in a pre-trial motion to dismiss the indictment. United States v. Freed, 401 U.S. 601, 607 (1971) (question of entrapment is not appropriate upon motion to dismiss); see also United States v. Williams, No. 6:13-CR-26-ORL-36, 2014 WL 117091, at *4 (M.D. Fla. Jan. 13, 2014) (explaining that a court may rule on entrapment as a matter of law after the trial, not on a pretrial motion before the evidence has been presented); United States v. Tallant, 407 F. Supp. 878, 885 (N.D. Ga. 1975) (stating that a defendant may only raise an affirmative defense in a Rule 12(b) motion if that defense can be decided solely on issues of law).[3]

---

[3] Defendant has not cited to a single case in this Circuit in which a court found entrapment as a matter of law before the case went to trial. Defendant instead points to two cases where the court reviewed jury instructions on entrapment, but these issues were raised after the defendants were convicted under § 2422, not upon a pre-trial motion. See United States v. Prine, No. 13-15054, 2014 WL 2853748 (11th Cir. Jun. 24, 2014) (holding that the district court did not abuse its discretion by refusing to instruct the jury about entrapment); see also United States v. Sumner, 522 F. App'x 806

In raising the entrapment defense on reply, Defendant again contests the sufficiency of evidence, which the Court has already explained is inappropriate to rule upon at this stage.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Indictment should be **DENIED**.  Docket Entry [9].  There are no further motions or problems pending before the undersigned to prevent the scheduling of this case for trial.  Therefore, this action is **CERTIFIED READY FOR TRIAL**.

**SO ORDERED, REPORTED AND RECOMMENDED** this   25   day of August, 2014.

/s/ Linda T. Walker　　　　　　　　
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

(11th Cir. 2013) (holding that the jury instruction on entrapment was not plainly erroneous).