IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

JOHN HAROLD MCGILL,

Defendant.

1:14-cr-167-WSD

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda Walker's Report and Recommendation and Order Certifying Case Ready for Trial ("R&R") [15], which recommends denying Defendant's Motion to Dismiss Indictment [9].

## I.  BACKGROUND[1]

On May 6, 2014, a grand jury returned a one-count indictment (the "Indictment") against Defendant John Harold McGill ("Defendant"). The Indictment alleges:

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

From on or about March 1, 2014, until on or about March 2, 2014, in the Northern District of Georgia, the defendant, John McGill, using a facility and means of interstate commerce, knowingly attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

On May 29, 2014, Defendant filed his Motion to Dismiss Indictment ("Motion") [9]. Defendant asserts that the evidence is not sufficient to support that he violated 18 U.S.C. § 2422(b) because the Government's evidence fails to establish: that Defendant attempted to cause the minor's assent,[2] that Defendant took a substantial step toward completing the crime,[3] or that Defendant used a facility or instrumentality of interstate commerce during commission of the

---

[2] Defendant asserts that there is "no evidence that [Defendant] sought through his electronic conversations to criminally persuade a minor either directly, or indirectly, through the undercover law enforcement agent." (Mot. at 10). Defendant also asserts that he "did not seek to communicate directly with the fictitious minor," "did not make any promises to the fictitious minor," "did not offer the fictitious minor, or the undercover law enforcement agent, any money or anything of value," "did not send any photographs," and "did not invite the undercover law enforcement agent or the fictitious minor to meet him anywhere." (Id.).

[3] Defendant asserts that "the electronic communications do not reflect any substantial step in an enticement crime, as there is no effort whatsoever by [Defendant] in the electric communications to communicate with the fictitious minor either directly or indirectly." (Id.). Defendant also argues that his travel to meet with the fictitious minor does not constitute a "substantial step" because "physical travel is not a communicative act." (Id. at 12).

offense. (Mot. at 3-4).

On June 20, 2014, the Government filed its Response [12], asserting that the Indictment is legally sufficient on its face, and that the Motion constitutes an improper demand for a pre-trial review of the evidence. (Gov't Resp. at 5-7).

On July 18, 2014, Defendant filed his Reply [14] asserting, for the first time, that the Indictment should be dismissed because Defendant was entrapped by the Government. (Reply at 1).

On August 25, 2014, Magistrate Judge Linda T. Walker issued her R&R, recommending that Defendant's Motion be denied.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard Review of an R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh

consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.  Sufficiency of a Criminal Indictment

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI; United States v. Stefan, 784 F.2d 1093 (11th Cir. 1986).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides: "The indictment . . . must be a plain, concise, definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is legally sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009); see also United States v. Fern, 155 F.3d 1318 (11th Cir. 1998). The test is "whether [the indictment] conforms to

minimal constitutional standards." United States v. Poirier, 645 F.2d 453, 456 (11th Cir. 2003). The sufficiency of an indictment is determined on its face. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006).

C. Analysis

Here, Defendant does not argue that the Indictment is invalid on its face. Rather, Defendant asserts that the Indictment should be dismissed because the Government's evidence is insufficient to show that Defendant violated 18 U.S.C. § 2422(b). The Magistrate Judge found that Defendant's Motion seeks an improper pre-trial review of the evidence and his only arguments for dismissal are based on an alleged lack of evidence to support that he violated Section 2422(b). Because a court cannot dismiss an indictment based on the alleged insufficiency of the evidence presented in support of the charges against a defendant, the Magistrate Judge recommended that Defendant's Motion be denied.[4] See United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992) (explaining that the Rules

---

[4] The Magistrate Judge noted, and the Court agrees, that each of Defendant's arguments would require the Court to consider the factual sufficiency of Defendant's allegations, such as the "contents of Defendant's communications with a law enforcement agent, the extent of [Defendant's] planning, or the extent of his travel." (R&R at 4). "It is well-settled that a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." Sharpe, 438 F.3d at 1263 (citing United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)).

5

do not provide for pre-trial determinations regarding the sufficiency of the evidence or summary judgment); see also Sharpe, 438 F.3d at 1263 (explaining that even if the facts could prove that defendant may not be guilty, that does not facially invalidate the indictment's allegations); see also United States v. Hawkins, 765 F.2d 1482, 1488 (11th Cir. 1985) ("An indictment valid on its face cannot be challenged merely because the grand jury acted on inadequate or incompetent evidence."); see also United States v. Salman, 378 F.3d 1266, 1267-68 (11th Cir. 2004) (reversing the district court because it looked beyond the face of the indictment and ruled on the merits of the charges, which was, in effect, the granting of summary judgment for the defendant). The Court finds no plain error in the Magistrate Judge's findings or recommendation.

Defendant also asserts, for the first time in his Reply, that the Indictment should be dismissed because he was entrapped by the Government.[5] The

---

[5] Defendant argues that he cannot be prosecuted for violating Section 2422(b) because "he was entrapped by the law enforcement taskforce to plan a sexual rendezvous with the fictitious minor." (Reply at 2). To the extent Defendant appears to argue that it was legally impossible for him to commit the crime because he communicated with an under-cover agent and not the "fictitious minor," Defendant's arguments are foreclosed by binding precedent. See United States v. Rothenberg, 610 F.3d 621, 626 (11th Cir. 2010) ("It is . . . the clearly established law of the circuit that to prove an attempted exploitation offense under 18 U.S.C. § 2422(b), the Government does not have to prove the existence or identity of a specific minor victim; a fictitious minor will suffice so long as the defendant understood and believed that a minor was involved."); United States v.

Magistrate Judge found that, even if it was properly raised—which it was not[6]—
Defendant's new theory of entrapment contests the sufficiency of the evidence and
does not support dismissal of the Indictment. See United States v. Costales,
5 F.3d 480, 487 (11th Cir. 1993) (citing Mathews v. United States, 485 U.S. 58,
61 (1988)) (noting that entrapment is generally a question for the jury); see also
United States v. Brown, 43 F.3d 618, 622 (11th Cir. 1995) (holding "entrapment as
a matter of law is a sufficiency of the evidence inquiry."). The Magistrate Judge
recommended that Defendant's Motion be denied for this additional reason, and
the Court finds no plain error in the Magistrate Judge's findings or
recommendation.

---

Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004) (rejecting argument that a § 2422(b) defendant must communicate directly with the minor or supposed minor; negotiating with the purported father of a minor falls within the purview of § 2422(b)); United States v. Lee, 603 F.3d 904, 912–13 (11th Cir. 2010) (defendant may be convicted under § 2422(b) "even though he communicated only with an adult intermediary"), cert. denied, 131 S. Ct. 437 (2010). Defendant's Motion is denied for this additional reason.

[6]     The Magistrate Judge found that the Court is not required to consider Defendant's argument because "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court." See United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984) (citing United States v. Benz, 740 F.2d 903 (11th Cir. 1984)).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Report and Recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment [9] is **DENIED**.

**SO ORDERED** this 29th day of September, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE