# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN MCGILL, | : | |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1: 14-CR-167-AT |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:17-CV-805-AT |
| Respondent. | : | |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant pro se motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 91]. Movant has filed his objections in response to the R&R. [Doc. 93].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

Movant was arrested in a sting operation in which a law enforcement official, posing as the mother of a thirteen-year-old girl, placed an advertisement on Craigslist seeking a man to provide "fatherly attention" to her daughter. Movant responded to the ad and exchanged emails and numerous text messages with the "mother" in which

they discussed his having sex with the thirteen-year-old girl. Movant then drove some fifty minutes from his home in Douglasville, Georgia, to a home in Lithonia, Georgia, where he intended to have sex with the girl. Upon his arrival at the home, officials arrested him.

After a jury trial, Movant was convicted in this Court for attempting to persuade, induce, or entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). [Doc. 45]. This Court imposed a sentence of 120 months to be followed by a supervised release for life. [Doc. 51]. The Eleventh Circuit affirmed Movant's conviction and sentence. [Doc. 65].

In the R&R, the Magistrate Judge reviewed Movant's claims and concluded that he had failed to establish that he was entitled to relief. Movant's extensive objections to the R&R fail to establish that the Magistrate Judge erred. This Court will briefly address those objections.

Movant first argues that the Magistrate Judge misrepresented and/or misconstrued some of the messages he exchanged with the police officer who was posing as the girl's mother. These arguments concern (1) who first mentioned sex with the girl, (2) who first suggested that the fictitious mother send Movant a photograph, (3) the fact that the fictitious mother told Movant that she had talked to her daughter about having sex with a man, and (4) Movant's repeated claims that he

went to the home in Lithonia intending only to have sex with the mother. These assertions clearly relate to the sufficiency of the evidence, and, in affirming Movant's conviction, the Eleventh Circuit found that Movant's "email and text message conversations with 'Amy,' the fictitious mother of 'Emily,' demonstrate a clear intent on [Movant]'s part to cause or stimulate the occurrence of unlawful sexual contact between him and Emily." United States v. McGill, 634 Fed. Appx. 234, 237 (11th Cir. 2015). Once the Eleventh Circuit has decided an issue on appeal, "it cannot be relitigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000).

Movant also dedicates a significant portion of his objections arguing about his trial counsel's failure to have a copy of the Operational and Investigative Standards for the Internet Crimes Against Children program (the "ICAC Standards") admitted into evidence and whether the law enforcement officers involved in arresting Movant properly followed those standards. Again, these arguments are irrelevant. The Eleventh Circuit concluded that Movant failed to demonstrate that "the failure [of the trial court] to admit the ICAC Standards themselves had a substantial influence on the jury's verdict." Id. at 236-37 (quotation and citation omitted). This Court further credits the Magistrate Judge's conclusion that there is no reasonable probability that the outcome of Movant's trial would have been different if the ICAC Standards had

3

been admitted. [Doc. 91 at 33]. The ICAC Standards may well provide guidelines for how law enforcement agencies perform investigations and sting operations of the sort used to arrest Movant. However, as the Magistrate Judge concluded, the possibility that the agents involved in Movant's arrest failed to follow those guidelines would not, standing alone, indicate that Movant is not guilty or that his constitutional rights had somehow been violated. As a result, Movant cannot demonstrate that he was prejudiced by his trial counsel's failure to enter the ICAC Standards into evidence. See generally Strickland v. Washington, 466 U.S. 668 (1984).

Movant's next arguments relate to his claim that the Government violated the Posse Comitatus Act, 18 U.S.C. § 1385, because a special agent of the Air Force Office of Special Investigations may have participated in the task force that conducted the operation in which Movant was arrested. This Court agrees with the Magistrate Judge that these arguments are unavailing. Movant failed to demonstrate that the military investigator was involved in his arrest or the investigation of his crimes. [Doc. 91 at 33]. Moreover, the Posse Comitatus Act is a criminal law proscribing the use of the military in domestic law enforcement. Nothing in the Act or in its legislative history suggests that violations of that statute would give rise to the dismissal of an indictment or exclusion of evidence. See United States v. Wolffs, 594 F.2d 77 (5th Cir.1979); United States v. Wooten, 377 F.3d 1134, 1140-41 (10th Cir.

4

2004); United States v. Cotten, 471 F.2d 744, 749 (9th Cir. 1973). While there is some indication in the case law that repeated and blatant violations of the Act *may* result in the application of an exclusionary rule, e.g., Wolffs, 594 F.2d at 85 ("If this Court should be confronted in the future with widespread and repeated violations of the Posse Comitatus Act an exclusionary rule can be fashioned at that time."); United States v. Johnson, 410 F.3d 137, 149 (4th Cir. 2005); Hayes v. Hawes, 921 F.2d 100, 104 (7th Cir.1990), Movant has failed to point to, and this Court could not find, a case where a court so held.[1] Even if this Court were inclined to exclude evidence on that basis, Movant certainly has not alleged violations of the Act sufficiently significant to consider application of an exclusionary rule in this case.

Movant argues that the Magistrate Judge erred in denying relief on his claim that his trial counsel was ineffective in failing to present an entrapment defense. This Court agrees with the Magistrate Judge that Movant cannot demonstrate prejudice in support of his ineffective assistance claim because Movant's entrapment claim has no merit. Establishing entrapment requires showing "(1) government inducement of the

---

[1] Movant claims that in United States v. Dreyer, 804 F.3d 1266 (9th Cir. 2015), the Ninth Circuit overturned a criminal defendant's conviction because of a violation of the Posse Comitatus Act. Movant is mistaken. In Dreyer, the en banc court reversed an earlier panel decision applying the exclusionary rule for violations of the Act. The court conceded that the Act had been violated but concluded that the fruits of the investigation in which a military official had participated need not be suppressed. Id. at 1281.

5

crime, and (2) lack of predisposition on the part of the defendant to commit the crime before the inducement." United States v. Rutgerson, 822 F.3d 1223, 1234 (11th Cir. 2016). A review of the text messages exchanged between Movant and the fictitious mother clearly indicate that Movant had a predisposition to commit the crime. Even if this Court were to concede Movant's claim that the fictitious mother was the first to mention sex when she told Movant her daughter was a virgin, Movant's texts that state in explicit detail what he intended to do with the girl were not induced or otherwise prompted by the government agent.

Turning to Movant's arguments that the Magistrate Judge erred in denying relief on his claims related to his assertion that he was selectively prosecuted, this Court agrees with the Magistrate Judge's analysis. Selective prosecution claims are judged "according to ordinary equal protection standards." Wayte v. United States, 470 U.S. 598, 608 (1985). That is, Movant must show a discriminatory effect motivated by a discriminatory purpose. Id. Movant is not, however, a member of a protected class, and his claim that Asian or African-American men arrested in the same sting operation were less likely to be prosecuted in federal court are not sufficient to establish a discriminatory purpose. McCleskey v. Kemp, 481 U.S. 279, 294 (1987) (noting that general statistics do not establish discriminatory purpose in a selective prosecution claim). Indeed, it is clear (and appropriate) that the

6

Government's aggressive prosecution of Movant and his harsh punishment was likely a result of the fact that Movant was a well-educated, elementary school principal at the time he was arrested attempting to have sex with a thirteen-year-old girl.

The remainder of Movant's claims discussed in his objections are simply frivolous. Movant's arguments that the Government withheld exculpatory evidence or that his trial counsel failed to discover and present exculpatory evidence fail because the evidence – for example, the fact that the Government did not find any incriminating files on his computer and a letter in which Movant's step daughter insisted that he had never engaged in inappropriate behavior around her – is not exculpatory.

Movant's claims of prosecutorial misconduct are entirely insubstantial. The worst that can be said of the prosecutor is that he made an immaterial misstatement in an appellate brief. Other than making conclusory assertions, Movant has failed to establish that the Government presented perjured testimony, and this Court fully agrees with the Magistrate Judge that the Government's opening and closing arguments were appropriate. [Doc. 91 at 36]. Movant's claims regarding irregularities in the grand jury proceedings simply fail to state a claim for relief. Movant's supervised release claim is clearly defaulted, and he has not even attempted to demonstrate cause and prejudice to lift the procedural bar. Finally, Movant's claim

that his trial counsel was ineffective for failing to call an expert on pedophilia to explain to the jury that Movant did not fit the profile of a pedophile fails because such testimony would not have effectively countered the extensive evidence of Movant's guilt.

For the foregoing reasons, the R&R, [Doc. 91], is hereby **ADOPTED** as the order of this Court, and the § 2255 motion, [Doc. 67], is **DENIED**. Because this Court agrees with the Magistrate Judge that "it is not reasonably debatable that Movant is not entitled to relief on his claims," [Doc. 91 at 50], a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 21st day of August, 2018.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)